FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYLER PERNO,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ENHANCED RECOVERY COMPANY, a Delaware Limited Liability Company,<br><br>                    Defendant. | No.   2:21-cv-00294-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment as to Defendant's Statutory Liability Alone, ECF No. 5. Because Plaintiff has failed to set forth evidence showing a violation of the Fair Debt Collection Practices Act, he is not entitled to judgment as a matter of law. The Court, having reviewed the relevant record, therefore denies Plaintiff's motion.

## BACKGROUND

On January 15, 2018, Defendant Enhanced Recovery Company, LLC—a debt collection agency—received a Comcast collection account in the name of Tyler Mathison in the amount of $786.68. ECF No. 7 at 12. After attempting to collect on the balance, Defendant began reporting the account to consuming reporting agencies on March 18, 2018. *Id.* Although unclear why, on June 21, 2021, Comcast

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 1

recalled the account from Defendant. *Id.* Consistent with its standard practice, Defendant then submitted a deletion request to the consumer reporting agencies on June 27, 2021, "asking them to delete [Defendant's] reporting on the subject account, due to the fact that Comcast had recalled the account and [Defendant] no longer had the account in its office for collection." *Id.* Approximately one month later, Defendant "submitted a redundant request to the consumer reporting agencies." *Id.* Defendant maintains that it did not report, or otherwise take action on the account at any point after June 27, 2021. *Id.*

But in August 2021, Plaintiff Tyler Perno[1] checked his Experian credit report, which reflected the Comcast account in the amount of $787.00. ECF No. 1 at 11. At some point, Plaintiff applied for a job at Spokane Teachers Credit Union, but was denied the job because of the overdue account. ECF No. 1 at 11. On September 3, 2021, Plaintiff contacted Comcast by phone, and Comcast apparently confirmed that Plaintiff never owed the accounts, and "could find no account in [Plaintiff's] name that was referred to collections." *Id.* Plaintiff filed this instant lawsuit in Spokane County Superior Court, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and related violations of

---

[1] In his declaration, Plaintiff submits statements from a current account with Comcast in the name of Tyler-Mathison Perno. ECF No. 5-3. The discrepancy is not in dispute, and the Court is satisfied that Tyler Mathison and Tyler Perno are the same person for purposes of this instant motion.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 2

1  Washington state law. ECF No. 1. On October 11, 2021, Defendant removed this
2  lawsuit to the United States District Court for the Eastern District of Washington.
3  *Id.* at 1–3.

### LEGAL STANDARD

5  The Court must grant summary judgment if "the movant shows that there is
6  no genuine dispute as to any material fact and the movant is entitled to judgment as
7  a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the
8  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477
9  U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence
10 is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

11 In ruling on a summary judgment motion, the Court must view the evidence
12 in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572
13 U.S. 650, 657 (2014). Thus, the Court must accept the nonmoving party's evidence
14 as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at
15 255. The Court may not assess credibility or weigh evidence. *See id.* Nevertheless,
16 the nonmoving party may not rest upon the mere allegations or denials of its
17 pleading but must instead set forth specific facts, and point to substantial probative
18 evidence, tending to support its case and showing a genuine issue requires
19 resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.
20 //

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT – 3

# DISCUSSION

Plaintiff seeks partial summary judgment on one limited issue: Defendant's liability for violating the Fair Debt Collection Practices Act. ECF No. 5 at 1. Plaintiff notes that the statute is a strict liability remedial statute that contains a single affirmative defense to liability—the bona fide error defense ("BFE"). Because Defendant did not plead the BFE defense, Plaintiff argues that he is entitled to judgment as a matter of law as to Defendant's liability under the statute. Defendant does not dispute that it did not plead the BFE defense, but argues that Plaintiff cannot prove a prima facie case of liability.

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors....'" *Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). Under the Act, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates Section 1692 "communicate[s] to any person credit information which is known or which should be known to be false." *Id.* § 1692e(8). While the statute is strict liability, "a debt collector's false or misleading representation must be 'material' in order for it to be actionable under the FDCPA." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014). A

representation is material if it is "genuinely misleading" such that it "may frustrate a consumer's ability to intelligently choose his or her response." *Id.*

Although initially unclear, it appears Plaintiff is alleging a violation of the statute on the grounds that Defendant reported an inflated account balance—*i.e.*, that Defendant knew the account at issue was in the amount of $786.68, yet it reported the account in the amount of $787.00. The Court has little trouble in concluding that inflating an account balance by 32 cents is not a materially false representation. To the contrary, it is a "mere technical falsehood that mislead[s] no one." *Id.* ("false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [section] 1692e." (brackets in original)). Furthermore, to the extent Plaintiff alleges that Defendant violated the statute by simply reporting the account at all, the Court agrees with Defendant that Plaintiff has failed to set forth any evidence showing that Defendant knew or should have known the account was disputed or otherwise inaccurate. *See* 15 U.S.C. § 1692e(8). Rather, the evidence proffered, particularly when viewed in the light most favorable to Defendant, shows that Defendant immediately stopped reporting the account and sent deletion requests to the consumer reporting agencies after Comcast recalled the account. For these reasons, Plaintiff cannot show that Defendant violated Section 1692(e) and is therefore not entitled to judgment as a matter of law on Defendant's liability under the statute.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 5

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment as to Defendant's Statutory Liability Alone, **ECF No. 5**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this day 15th of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge